UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SARA DIAZ,

                           **Plaintiff,**

                      -against-

NADER ATTIA,

                          **Defendant.**
-------------------------------------------------------------x

**MEMORANDUM
AND ORDER**

**12-CV-4733 (KAM) (RLM)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      In a letter filed today, defendant seeks reconsideration of this Court's Memorandum and Order of August 8, 2013, which granted in substantial part plaintiff's motion to amend her complaint. See Letter (Aug. 12, 2013) ("Def. Motion"), Electronic Case Filing Docket Entry ("DE") #18;[1] Memorandum and Order (Aug. 8, 2013) ("8/8/13 M&O"), DE #17. In support of his motion for reconsideration, defendant advances an argument that he failed to present to the Court before it ruled on the motion to amend. Apparently recognizing that a party is not permitted to raise new arguments (or present new evidence) on a motion for reconsideration, see Hanson v. Nassau Cnty. Dep't of Soc. Servs., No 09-CV-0361 (MKB), 2013 WL 3281893, at *2-3 (E.D.N.Y. June 27, 2013) (collecting cases), defendant contends that he mistakenly believed that plaintiff's application was not a motion to amend but rather sought permission to move to amend, see Def. Motion at 1; according to defendant, he would have brought the new issue to the Court's attention had he been given "the opportunity to oppose a

---

[1] Defendant improperly failed to docket his letter as a motion; the Court nevertheless will correct that error rather than denying the application on that basis.

formal motion or if it had been clear that the letters submitted to the Court were being treated as an actual motion." Id. at 2.

Defendant's excuse for belatedly proffering an argument and evidence previously overlooked by him is unavailing. Any ambiguity created by plaintiff's initial request, see Letter Motion to Amend/Correct/Supplement (July 15, 2013), DE #10, was eliminated by the order endorsed by this Court on that request,[2] as well as by the Court's telephonic hearing on the motion and resulting minute entry.[3] Following that hearing, plaintiff filed her proposed amended pleading, and both sides filed additional papers, with defendant proffering further arguments as to why plaintiff should not be permitted to make the proposed amendments. See, e.g. Letter (July 23, 2013), DE #15. Simply put, defendant knew (or at least should have known) that the parties' submissions were being treated as substitutes for "formal" motion papers, and defendant had ample opportunity to advance all his arguments before the Court ruled on the motion. Therefore, the Court would be entirely justified in declining to consider his belated challenge to the amended pleading.

In any event, having considered defendant's new argument and evidence, the Court declines to disturb its 8/8/13 M&O. The Proposed Amended Complaint alleges that plaintiff was confused about the location of the second apartment that defendant was offering her. See

---

[2] See Endorsed Order (July 16, 2013), DE #11 (holding that "[t]his request will be treated as a letter-motion to amend, rather than a request for a premotion conference," and setting a deadline for defendant's response to that motion).

[3] See Minute Entry (July 19, 2013), DE #13 ("the Court hears argument on and comments on plaintiff's *motion to amend* the complaint . . . .") (emphasis added).

Proposed Amended Complaint ¶¶ 41-42, DE #14-1. The deposition testimony now cited by defendant (see DE #18-1) may be used to cross-examine plaintiff, but does not furnish a basis for rescinding the Court's authorization to amend the complaint.

For the foregoing reasons, the Court declines to vacate or modify its 8/8/13 M&O.

**SO ORDERED.**

Dated: Brooklyn, New York
August 13, 2013

/s/ *Roanne L. Mann*
**ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE**